UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEANNE KATSAROS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 12-7708 |
| v. | : | MEMORANDUM OPINION |
| TARGET CORPORATION, | : | & ORDER |
| Defendant. | : | |

This matter is before the Court on motion for summary judgment filed by Defendant Target Corporation. The Court heard oral argument on the motion on December 10, 2014. For the reasons expressed on the record that day, and those below, the Court denies Defendant's motion.

This case arose from Plaintiff Deanne Katsaros's November 13, 2010 slip and fall in a Target store located in Evesham, New Jersey. Defendant has moved for summary judgment, arguing that it had no notice of the water on the floor of its store which allegedly caused Plaintiff's fall. Defendant also argues that the mode of operation theory should not apply because Plaintiff slipped and fell in an aisle between the men's department and the shoe department, not in the self-service area. Plaintiff counters with Defendant's records that indicate that none of Defendant's employees passed the area of the spill for at least thirty minutes prior to Plaintiff's fall. Further, no employee was identified as responsible for the area where Plaintiff fell. Finally, Plaintiff argues that the nature of Defendant's business, a self-service retail store that sells food and drink in a concession area, creates an inference of negligence on Defendant's part that Defendant failed to rebut with evidence of reasonable measures to ensure that the store was free of hazardous conditions that could harm its patrons.

1

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." <u>Pearson v. Component Tech. Corp.</u>, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)); <u>accord</u> Fed. R. Civ. P. 56 (a).  The Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  <u>Id.</u>  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  <u>Id.</u>; <u>Maidenbaum v. Bally's Park Place, Inc.</u>, 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the

2

moving party.  Andersen, 477 U.S. at 256-57.  "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).  Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.  That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Credibility determinations are the province of the factfinder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

"In negligence cases under New Jersey law, a plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries." Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 745 (3d Cir. 1990). "It is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm." Stelluti v. Casapenn Enterprises, LLC, 1 A.3d 678, 691 (N.J. 2010).  "Ordinarily an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or

3

constructive knowledge of the dangerous condition that caused the accident." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). However, under New Jersey law, a plaintiff need not prove that element where "as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Id. In such circumstances, a plaintiff is afforded "an inference of negligence, imposing on the defendant the obligation to come forward with rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Id. This is referred to as the "mode-of-operation rule." See id. (finding that when the very nature of a business's operation creates the hazard, the "mode-of-operation rule" creates an inference of negligence and "shifts the burden to the defendant to 'negate the inference by submitting evidence of due care'" (quoting Bozza v. Vornado, Inc., 200 A.2d 777, 780 (N.J. 1964)); Wollerman v. Grand Union Stores, Inc., 221 A.2d 513, 514-15 (N.J. 1966) (the rule requires the defendant to show it did "all that a reasonably prudent [person] would do in light of the risk of injury [the mode of operation] entailed").

      The Court finds that the mode of operation rule applies in this case. Defendant does not contest that its stores allow the purchase and carrying of open beverages. Rather, it argues that the Plaintiff's slip and fall did not occur in the area drinks were available for purchase. In an analogous case, a court in this district found such argument unpersuasive, as does this Court. See Devincentis v. Wal-Mart Stores, Inc., Civil Action No. 09-3138, 2010 WL 1931260, *3 (D.N.J. May 13, 2010) (citing Ryder v. Ocean County Mall, 774 A.2d 700, 703 (N.J. Super. Ct. App. Div. 2001) (noting that the mode of operation rule should apply when the defendant mall did not "restrict the carrying of, or consumption of, food and drink . . . [and as such] bec[ame] the functional

equivalent of a cafeteria").  See also Lebrio v. The Pier Shops at Caesar's, 2014 WL 4745411 (N.J. Super. Ct. App. Div. Sept. 25, 2014).

Accordingly, Defendant can be reasonably charged with notice that drink spills are likely to occur in its stores.  See, e.g., Hicks v. Target Corp., Civ. No. 10-3116, 2011 WL 6825996, *4 (D.N.J. Dec. 28, 2011) ("It is clearly foreseeable that water could end up on the floor of the Target store from a variety of sources, including the concession area of the store, a vessel that a patron brought into the store in the first place, or a mop bucket used by a maintenance employee.").  In response, Defendant has not sufficiently proven at this point that it took prudent and reasonable steps to avoid the potential hazard.  Indeed, beside the Defendant's records that indicate that none of its employees was in the area of the fall for the half hour prior, Defendant's own employee wrote "It looked like someone had spilled a drink."  As such, there are issues of fact upon which reasonable minds could differ on whether or not Defendant was negligent with regard to the circumstances that led to Plaintiff's slip and fall.

Therefore, and for the reasons stated during the December 10, 2014 oral argument,

IT IS ORDERED this 3rd day of February, 2015 that the motion for summary judgment filed by Defendant Target Corporation [21] is hereby DENIED.


    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.